United States District Court

Eastern District of California

United States of America,

       Respondent,                     No. CR. S-00-0340 LKK PAN P

  vs.                                Order

Armando Bejines Cortez,

       Movant.

-oOo-

    Petitioner is a federal prisoner, without counsel, seeking postconviction relief pursuant to 28 U.S.C. § 2255.

    Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.  28 U.S.C. § 2255.

    September 5, 2001, petitioner pleaded guilty to

1 conspiring to distribute and possessing with the intent to
2 distribute mehtamphetamine in violation of 21 U.S.C. §§ 846 and
3 841(a)(1).  December 2, 2002, the court entered judgment.
4     A one-year limitation period for seeking relief pursuant to
5 28 U.S.C. § 2255 begins to run from the latest of the date the
6 judgment of conviction becomes final, the date on which a
7 government-created impediment to filing is removed, the date the
8 United States Supreme Court makes a new rule retroactively
9 applicable to cases on collateral review or the date on which the
10 factual predicate of a claim could have been discovered through
11 the exercise of due diligence.  28 U.S.C. § 2255.  A conviction
12 is final when the time for appeal or for seeking a writ of
13 certiorari in the United States Supreme Court have expired.  Clay
14 v. United States, 537 U.S. 522 (2003); United States v.
15 LaFromboise, 427 F.3d 680 (9th Cir. 2005).  Affording petitioner
16 ten days from entry of judgment to file an appeal, see Fed. R.
17 App. P. 4(b)(1)(A), the conviction was final December 16, 2002.
18     Absent tolling, movant's September 22, 2005, motion is late.
19     Movant concedes his motion is late but asserts the
20 limitation period should not apply because he is innocent, the
21 indictment did not allege facts that would subject him to the
22 penalty imposed, and counsel was ineffective.
23     The doctrine of equitable tolling applies to 28 U.S.C. §
24 2255 proceedings, United States v. Battles, 362 F.3d 1195 (9th
25 Cir. 2004), and where on its face a motion appears to be
26 untimely, a court sua sponte may raise the issue of timeliness as

1  long as the movant has an opportunity to be heard.  See Herbst v.
2  Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).
3      Equitable tolling may be granted only where extraordinary
4  circumstances beyond a prisoner's control make it impossible to
5  file a petition on time.  Calderon v. United States District
6  Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(en banc) cert.
7  denied, 526 U.S. 1060 (1999).  When external forces, rather than
8  a petitioner's lack of diligence, account for the failure to file
9  a timely claim, equitable tolling of the statute of limitations
10 may be appropriate.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th
11 Cir. 1999).  Petitioner has the burden of showing he is entitled
12 to equitable tolling.  Miranda v. Castro, 292 F.3d 1063, 1065
13 (9th Cir. 2002).
14     Accordingly, movant has 30 days from the date this order is
15 signed to demonstrate he is entitled to equitable tolling.
16 Failure so to do will result in a recommendation this action be
17 dismissed as untimely.
18     So ordered.
19     Dated:  December 13, 2005.

                                    /s/ Peter A. Nowinski
                                  PETER A. NOWINSKI
                                  Magistrate Judge