United States District Court

Eastern District of California

| | |
|---|---|
| United States of America, | |
| Respondent, | No. CR. S 00-0340 LKK PAN P |
| vs. | Order |
| Armando Bejines Cortez, | |
| Movant. | |

-oOo-

Movant requests appointment of counsel on the grounds he is indigent and lacks legal training and the law is complex.

There is no absolute right to appointment of counsel in proceedings under 28 U.S.C. § 2255. See U.S. v. Harrington, 410 F.3d 598 (2005). However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 24 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). Unless an evidentiary hearing is necessary, the decision to appoint counsel

1  is discretionary.  Rule 8(c), Rules Governing Section 2255
2  Proceedings.
3       In deciding whether to appoint counsel the court exercises
4  discretion governed by a number of factors, including the
5  likelihood of success on the merits and the applicant's ability
6  to present his claims in light of their complexity.  <u>Weygandt v.
7  Look</u>, 718 F.2d 952, 954 (9th Cir. 1983) (construing §
8  3006A(a)(2)(B) in § 2254 case); <u>see</u> <u>also</u>, <u>LaMere v. Risley</u>, 827
9  F.2d 622, 626 (9th Cir. 1987).  A presumption of regularity
10 attaches to final criminal convictions, <u>see</u> <u>U.S. v. Mulloy</u>, 3
11 F.3d 1337, 1339 (9th Cir. 1993), which suggests a lack of likely
12 success and counsels against appointment of counsel.  <u>See</u> <u>Maclin
13 v. Freake</u>, 650 F.2d 885, 887 (7th Cir. 1981).  As a general rule,
14 the court will not appoint counsel unless the movant shows his
15 claim has merit in fact and law.  Even if the movant overcomes
16 this hurdle, the court will not appoint counsel if the law is
17 settled and the material facts are within the movant's
18 possession, viz., they do not require investigation outside the
19 prison walls.  <u>Id.</u> at 887-88.
20      Here, I have found movant's motion is untimely and
21 recommended this action be dismissed unless movant can show he is
22 entitled to equitable tolling.  The law governing this issue is
23 settled and has been explained to movant who should be aware of
24 any circumstance that prevented him from timely filing his
25 motion.  There is, on the record before the court, no reason to
26 believe appointment of counsel would be of significant benefit.

1  Movant's January 5, 2006, request for the appointment of
2 counsel therefore is denied.
3  So ordered.
4  Dated:  January 24, 2006.

              /s/ Peter A. Nowinski
              PETER A. NOWINSKI
              Magistrate Judge